The People of the State of Illinois, Defendant in
Error, v. Oliver F. Paisley et al., Plaintiffs in
Error.

Gen. No. 23,415.    (Not to be reported in full.)

Error to the Criminal Court of Cook county; the Hon. GEORGE
KERSTEN, Judge, presiding. Heard in this court at the October
term, 1917. Reversed and remanded in part and affirmed in part.
Opinion filed January 28, 1918.

### Statement of the Case.

Prosecution by the People of the State of Illinois,
plaintiff, against Oliver F. Paisley, James J. Paisley
and William H. Paisley, defendants, for receiving as
bankers deposits from Margaret Basch to the value of
$700, on September 16, 1916, when they were know-
ingly insolvent, and causing loss of such deposits in
violation of section 25a, ch. 38, Criminal Code (J. &
A. ¶ 3617). From a judgment on verdict finding all
defendants guilty and fixing punishment of William
H. Paisley at one year in the penitentiary without fine
and of the other defendants at three years in the peni-
tentiary and a fine of $1,400 each, each defendant
brings error.

The defendants operated three private banks in
north Chicago as partners. The banks were closed
September 19, 1916, by the voluntary act of defend-
ants, and on application of one of them a receiver was
appointed by the Superior Court of Cook county.
Soon thereafter on involuntary bankruptcy proceed-
ing in the Federal District Court, the Chicago Title &
Trust Company was appointed receiver of the three
banks.

MARSHALL SOLBERG and HARRY L. SHAVER, for plain-
tiffs in error.

MACLAY HOYNE, for defendant in error; EDWIN J. RABER and EDWARD E. WILSON, of counsel.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. INDICTMENT AND INFORMATION, § 32*—*what does not invalidate indictment.* Charging in an indictment an act which is by statute a misdemeanor to have been "feloniously" done, does not invalidate the indictment if it is in other respects without fault.

2. BANKS AND BANKING, § 64*—*when indictment is against individual bankers.* Where an indictment recited in the inducement part that the defendants were partners in the banking business but in the charging part averred the act of receiving deposits while knowingly insolvent as that of the defendants as individuals, the indictment was against them as individuals and not as a firm.

3. BANKS AND BANKING, § 64*—*admissibility of partnership's books in criminal prosecution.* The books of a banking partnership are admissible against the partners in a prosecution against them as individuals for receiving deposits while knowingly insolvent.

4. BANKS AND BANKING, § 64*—*when evidence of depositors as to loss of deposits admissible.* Evidence of numerous depositors in a private bank conducted as a partnership that they had made deposits in the bank and had lost them, *held* admissible in a prosecution against the individual partners for receiving deposits while insolvent, where the defendants did not concede the facts testified to.

5. BANKS AND BANKING, § 64*—*what admissible as part of res gestæ in criminal prosecution.* Transactions prior to receipt of a deposit, charged in an indictment to have been while defendants were knowingly insolvent, in which defendants failed to pay over to the parties entitled to same or misappropriated certain collections or knowingly made false statements to induce deposits, *held* admissible as parts of the *res gestæ* and tending to prove the issue under the indictment.

6. BANKS AND BANKING, § 64*—*when witness is competent to testify as to insolvency of bank.* Evidence of one who was in charge for a receiver of a bankrupt bank as to the insolvency of the bank, gathered from his possession and knowledge of all of the bank's assets and books, *held* admissible and competent and not to invade the province of the jury, where the witness was shown to have

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had experience in such matters and gave detailed information regarding the assets and books and a correct definition of insolvency.

7. BANKS AND BANKING, § 64*—*when finding of insolvency warranted.* Certain books, papers and documents of a bank charged in an indictment to have been insolvent at a time a certain deposit was received, *held* to warrant a finding of insolvency independent of the competency of the witness testifying to same.

8. BANKS AND BANKING, § 64*—*when evidence as to value of leasehold of insolvents properly excluded.* Evidence as to the value of a certain 99-year leasehold interest owned by the insolvent defendants, charged in an indictment with receiving a certain deposit while knowingly insolvent, based upon a contemplated building upon the land which was not yet constructed or contracted for and upon the estimated rentals of the building when it should be constructed, *held* properly excluded.

9. BANKS AND BANKING, § 64*—*when value of bank stock as assets cannot be calculated.* In a criminal prosecution for receiving deposits while knowingly insolvent, the value of certain bank stock as assets of insolvent defendants *held* too uncertain to be capable of calculation, where certain banks of ample means had refused to retain same by paying assessments thereon and other banks of small means had retained same and assumed payment of such assessments.

10. BANKS AND BANKING, § 64*—*when evidence in criminal prosecution shows payment of draft.* In a criminal prosecution of private bankers for receiving deposits while insolvent, evidence *held* sufficient to show payment of a draft deposited with defendants, where it was shown the bank on which the draft was drawn paid same and defendants thereafter sent the depositor a note promising to pay the amount in full, and entry of the amount was made by defendants on their bank books and on the depositor's pass book, and defendants received credit for the draft through their clearing-house representative, and the draft itself in evidence was marked "paid."

11. BANKS AND BANKING, § 64*—*when knowledge of insolvency shown.* Evidence *held* to sustain the finding that defendants were insolvent and knew they were so at and for a long time prior to the time they received the deposit charged in the indictment against them.

12. BANKS AND BANKING, § 64*—*duty of banker to know whether insolvent.* A private banker holds himself out to the public and to his customers as being possessed of money and of capital, and, therefore, to be safely trusted, and it is his duty to know, and he is under all ordinary circumstances bound to know, whether he is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

solvent, and it is criminal negligence of him not to know of his insolvency.

13. BANKS AND BANKING, § 64*—*propriety of instruction as to form of verdict in criminal prosecution.* In a criminal prosecution of private bankers for receiving deposits while knowingly insolvent, an instruction as to the form of the verdict in the language of the statute *held* sufficient.

14. BANKS AND BANKING, § 64*—*what is proper fine for receiving deposit while knowingly insolvent.* The fixing in the verdict, on conviction under an indictment against persons conducting a banking institution for receiving a deposit while knowingly insolvent, of a fine at an amount which was twice that of the deposit, *held* sufficient to comply with the statute.

15. BANKS AND BANKING, § 64*—*what is proper punishment for receiving deposits while knowingly insolvent.* The provision of the statute that the punishment on conviction for receiving deposits in a banking institution while knowingly insolvent shall be a fine of double the amount of the deposit is mandatory and cannot be dispensed with by imposing no fine, but a jury may dispense with the additional part of the punishment of imprisonment authorized by the statute.

16. BANKS AND BANKING, § 64*—*extent of punishment for receiving deposits while insolvent where several defendants.* The punishment on conviction under an indictment against several defendants as bankers for receiving a deposit while knowingly insolvent is as to each defendant, and the fine is the amount fixed by the statute.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.